# EXHIBIT A



**GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc**   Monday, February 13, 2017 11:00 AM

From: "SFG" <attystevengruel@sbcglobal.net>
To: waqar.hasib@usdoj.gov
Cc: jason.jones@ic.fbi.gov

Dear Mr. Hasib:

I have been retained by Mr. Tong and the above corporations with regard to the above matters.

Please inform all agents not to have any further contact with Mr. Tong give my representation.

Next, is Mr. Tong or any of the above corporations "targets" of the Grand Jury?

Finally, I request an extension of 30 days to respond to these GJ Subpoenas given my recent participation in these matters.

Sincerely,
Steven Gruel

Sent from my BlackBerry 10 smartphone.

| waqar hasib | Search Mail | Search Web | steven gruel | Account Info ∨ Go | Sign Out | Home |

Inbox   Contacts   Notepad   Calendar

Switch to the newest att.net Mail

Compose    Delete  Reply  Reply All  Forward  Actions ∨  Apply   Back to Search Results

Inbox (40)
Drafts
Sent
Spam    [Empty]
Trash   [Empty]

My Folders  [Edit]

**RE: GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc**   Tuesday, February 14, 2017 12:12 PM

From: "Hasib, Waqar (USACAN)" <Waqar.Hasib@usdoj.gov>
To: "SFG" <attystevengruel@sbcglobal.net>

Raw Message  Printable View

Thank you for your email, Mr. Gruel. I have advised all agents assigned to this investigation to have no further contact with Mr. Tong, or with the above-named corporations.

I can advise you that Mr. Tong at this time is a possible target of the grand jury investigation.

Lastly, I am in a position to extend the response date of the subpoenas two weeks, to March 9, 2017.

Please feel free to contact me by phone if you would like to discuss further.

------------------------------------------------------
S. Waqar Hasib
Assistant U.S. Attorney
Special Prosecutions and National Security Unit
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
Desk: 415 436 7261
Fax: 415 415 436 6982


From: SFG [mailto:attystevengruel@sbcglobal.net]
Sent: Monday, February 13, 2017 10:01 AM
To: Hasib, Waqar (USACAN) <WHasib@usa.doj.gov>
Cc: Jones, Jason A. (SF) (FBI) <Jason.Jones@ic.fbi.gov>
Subject: GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc

Dear Mr. Hasib:

I have been retained by Mr. Tong and the above corporations with regard to the above matters.

Please inform all agents not to have any further contact with Mr. Tong give my representation.

Next, is Mr. Tong or any of the above corporations "targets" of the Grand Jury?

Finally, I request an extension of 30 days to respond to these GJ Subpoenas given my recent participation in these matters.

Sincerely,
Steven Gruel

Sent from my BlackBerry 10 smartphone.

Compose    Delete  Reply  Reply All  Forward  Actions ∨  Apply   Back to Search Results

PURINA
WE SEE A CHANCE TO WIN
THIS CUSTOM CAT CONDO WORTH $2,500
ENTER NOW  PETSMART
NO PURCHASE NECESSARY. TO PLAY AND FOR OFFICIAL RULES, VISIT PURINAFORTUNES.COM



**Update re: GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc**

Thursday, March 2, 2017 1:46 PM

From: "steven gruel" <attystevengruel@sbcglobal.net>
To: "SFG" <attystevengruel@sbcglobal.net>
"Waqar (USACAN)Hasib" <Waqar.Hasib@usdoj.gov>

Dear Mr. Hasib:

I have the following update relating to the 3 GJ SDT provided to Mr. Tong directed to the entity called James Tong, Inc. d/b/a Charter Properties; the individual named James Tong; and an entity named Charter Investments, Inc.

Because of the wide scope of the 3 SDTs, we first had to take considerable time to identify any material that possibly related, in any fashion, to the parameters of the subpoenas. Next, after that was accomplished, I have been reviewing these identified materials to determine if they indeed pertain to specific confines of the SDTs. This 2 step process remains ongoing.

Nonetheless, I can report that there are no requested materials as described in the SDT as sought from Charter Investments, Inc. As you may know, Charter Investments, Inc. was first registered with the California Secretary of State on August 7, 2015. Hence, it was not in existence for most of the time called for in its grand jury SDT.

However, since you identified James Tong as a "target" of the investigation, I am obviously concerned about his 5th Amendment protections both as to the content of any requested materials and the 5th Amendment protection against the act of production of any materials called for in the SDT. Would the government consider providing Mr. Tong immunity in this matter? I also note that no advice of rights form accompanied Mr. Tong's grand jury SDT which is required under the US Attorney's Manual.

Hence, I am still reviewing any materials where Jim Tong may be the source for (1) relevant content under the guidance of the SDT; and, assuming that the first prong is met; (2) whether 5th Amendment protections apply which would preclude compelled production by James Tong.

The SDT to James Tong, Inc. d/b/a Charter Properties also presents a problem. While Mr. Tong may have participated in candidate fund raising as an individual and not in course of any business, a Charter Properties' server may have been the vehicle for nonbusiness related personal communications regarding said campaign fund raising. I am also attempting to sort out this convoluted situation.

All said, I'd appreciate an additional few weeks to plow through of all this.

On another note, if you're interested, I'd welcome a frank discussion of what this investigation entails and whether a pre-charge type resolution is viable. The two FBI agents purportedly downplayed the investigation to Mr. Tong by describing it as involving less than $10,000 of improper campaign "bundling." While this may have only been an agent ploy to relax Mr. Tong into freely "talking," if the description is true it may be possible that we can begin an open discussion to resolve the "matter" sooner than later. Please let me know if that is something you'd welcome.

In any event, I request a few more weeks and welcome any further guidance you can provide me.

Sincerely,

Steven Gruel
cell -- 415-533-6973

| | waqar | Search Mail | Search Web | steven gruel | Account Info ∨ Go | Sign Out | Home |

Inbox  Contacts  Notepad  Calendar

Switch to the newest att.net Mail

Compose | Delete  Reply  Reply All  Forward  Actions ∨ Apply  Back to Search Results

Inbox (40)
Drafts
Sent
Spam [Empty]
Trash [Empty]
My Folders [Edit]

**RE: Update re: GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc**

Monday, March 6, 2017 5:32 PM

From: "Hasib, Waqar (USACAN)" <Waqar.Hasib@usdoj.gov>
To: "steven gruel" <attystevengruel@sbcglobal.net>

Raw Message Printable View



Original Medicare doesn't cover everything.

LEARN MORE

AARP | Medicare Supplement Plans insured by UnitedHealthcare Insurance Company
AARP Medicare Supplement Insurance Plans
WB26198ST   Click for Disclaimer

CLOTHING MONSTER   Stay cool and stylish   SHOP NOW

Do you have time to discuss this by telephone today at 5PM? If not, please let me know when is a good time to talk.

-----Original Message-----
From: steven gruel [mailto:attystevengruel@sbcglobal.net]
Sent: Thursday, March 2, 2017 12:47 PM
To: SFG <attystevengruel@sbcglobal.net>; Hasib, Waqar (USACAN) <WHasib@usa.doj.gov>
Subject: Update re: GJ Subpoenas re: James Tong, James Tong, Inc., Charter investments, Inc

Dear Mr. Hasib:

I have the following update relating to the 3 GJ SDT provided to Mr. Tong directed to the entity called James Tong, Inc. d/b/a Charter Properties; the individual named James Tong; and an entity named Charter Investments, Inc.

Because of the wide scope of the 3 SDTs, we first had to take considerable time to identify any material that possibly related, in any fashion, to the parameters of the subpoenas. Next, after that was accomplished, I have been reviewing these identified materials to determine if they indeed pertain to specific confines of the SDTs. This 2 step process remains ongoing.

Nonetheless, I can report that there are no requested materials as described in the SDT as sought from Charter Investments, Inc. As you may know, Charter Investments, Inc. was first registered with the California Secretary of State on August 7, 2015. Hence, it was not in existence for most of the time called for in its grand jury SDT.

However, since you identified James Tong as a "target" of the investigation, I am obviously concerned about his 5th Amendment protections both as to the content of any requested materials and the 5th Amendment protection against the act of production of any materials called for in the SDT. Would the government consider providing Mr. Tong immunity in this matter? I also note that no advice of rights form accompanied Mr. Tong's grand jury SDT which is required under the US Attorney's Manual.

Hence, I am still reviewing any materials where Jim Tong may be the source for (1) relevant content under the guidance of the SDT; and, assuming that the first prong is met; (2) whether 5th Amendment protections apply which would preclude compelled production by James Tong.

The SDT to James Tong, Inc. d/b/a Charter Properties also presents a problem. While Mr. Tong may have participated in candidate fund raising as an individual and not in course of any business, a Charter Properties' server may have been the vehicle for nonbusiness related personal communications regarding said campaign fund raising. I am also attempting to sort out this convoluted situation.

All said, I'd appreciate an additional few weeks to plow through of all this.

On another note, if you're interested, I'd welcome a frank discussion of what this investigation entails and whether a pre-charge type resolution is viable. The two FBI agents purportedly downplayed the investigation to Mr. Tong by describing it as involving less than $10,000 of improper campaign "bundling." While this may have only been an agent ploy to relax Mr. Tong into freely "talking," if the description is true it may be possible that we can begin an open discussion to resolve the "matter" sooner than later. Please let me know if that is something you'd welcome.

In any event, I request a few more weeks and welcome any further guidance you can provide me.

Sincerely,

Steven Gruel
cell -- 415-533-6973

Compose | Delete  Reply  Reply All  Forward  Actions ∨ Apply  Back to Search Results



**signed tolling agreement attached**   Thursday, July 27, 2017 8:23 AM

From: "steven gruel" <attystevengruel@sbcglobal.net>
To: Waqar.Hasib@usdoj.gov

1 Files   67KB
PDF   67KB
image.pdf
Save

Let me know if we can resolve this with a few misdemeanors and a fine.

If this case must be indicted, Waqar, please let me know how we can arrange Mr. Tong's appearance on a summons.

As you likely know, Mr. Tong is over 70 years old and has lived in the Bay area since 1969.