# EXHIBIT B

```
1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-6982
        waqar.hasib@usdoj.gov
8
   Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TONG,<br><br>Defendant. | NO.<br><br>PLEA AGREEMENT |

I, James TONG, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.  I agree to plead guilty to Counts One and Two of the captioned Information, charging me with making federal election campaign contributions in the name of another, in violation of 52 U.S.C. § 30122. I agree that the elements of the offense are as follows: (1) I made or caused to be made contributions of at least $10,000 during a specified calendar year; (2) the person named as the contributor was not the true source of the money used for the contribution, and I was aware of this; (3)

PLEA AGREEMENT
CR_____

the contributions were made to a candidate for federal office; and (4) I acted knowingly and willfully.

I agree that the maximum penalties are as follows:

| | | |
|---|---|---|
| a. | Maximum prison term | 2 years |
| b. | Maximum fine | $50,000 or 1000% of the amount involved in the violation, whichever is greater. |
| c. | Minimum mandatory fine | 300% of the amount involved in the violation |
| d. | Maximum supervised release term | 1 year |
| e. | Restitution | N/A |
| f. | Mandatory special assessment | $100 per felony count |
| g. | Potential Deportation | |

I acknowledge that pleading guilty may have consequences with respect to my immigration status if I am not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which I am pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and I understand that no one, including my attorney or the district court, can predict to a certainty the effect of this conviction on my immigration status. I nevertheless affirm that I want to plead guilty regardless of any immigration consequences that may result from my guilty plea, even if the consequence is my automatic removal from the United States.

I understand that I am pleading guilty to multiple violations and that the Court may order that my sentence for each violation be run consecutively.

2. I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true:

Beginning at least as early as March of 2012, I devised a scheme to circumvent federal limits on individual campaign contributions by using straw or conduit contributors through which I funneled my own money into the campaign committee for a candidate running in the Northern District of California for federal office (herein Federal Candidate #1). As part of the scheme, I instructed individuals close to me to find straw donors who could write checks in their own names to Federal Candidate #1's

campaign. I told the individuals that I would reimburse the straw donors in cash for the entire amounts of the checks that they wrote in their own names. In this manner, in the calendar year of 2012 I was able to funnel a total of at least $13,540 of my own money into Federal Candidate #1's campaign committee using at least 16 separate straw donors. In the same manner, in the calendar year of 2013, I was able to funnel a total of at least $10,400 of my own money into Federal Candidate #1's campaign committee using 16 separate straw donors (several of whom had also acted as my straw donors in 2012).

3.  I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence. I also agree to waive any defenses based on the statute of limitations for the charges filed in this case.

4.  I agree to give up my right to appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my sentence, including any orders relating to forfeiture and/or restitution, except that I reserve my right to claim that my counsel was ineffective. I reserve my right, however, to appeal an upward departure from the Guideline imprisonment range determined by the Court.

5.  I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. § 3582.

6.  I agree not to ask the Court to withdraw my guilty plea(s) at any time after they are entered. I understand that by entering into this Agreement: (a) I agree that the facts set forth in Paragraph 2 of this Agreement shall be admissible against me under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including at trial, in the event I violate any of the terms of this Agreement, and (b) I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of this Agreement in such subsequent proceeding. I understand that the government will not preserve any physical evidence obtained in this case.

7.  I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I

PLEA AGREEMENT
CR                                                      3

also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask to withdraw my guilty plea. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level although I reserve the right to seek a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request. The parties have reached no agreement regarding my Criminal History Category.

    a.    Base Offense Level, U.S.S.G. § 2C1.8(a):      8

    b.    Specific offense characteristics under U.S.S.G. Ch. 2

        Illegal transactions exceeding $6,500, U.S.S.G. §§ 2C1.8(b)(1), 2B1.1(b)(1)(C), 3D1.2(d), and 3D1.3(b):      +4

        Engaging in 30 or more transactions, U.S.S.G. § 2C1.8(b)(4):      +2

    c.    Adjustments under U.S.S.G. Ch. 3 (e.g. role in the offense)      N/A

    d.    Acceptance of Responsibility:      -2
        If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

    e.    Adjusted Offense Level:      12

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision. I agree that, based on the nature of the offense and my criminal history, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

> Special Condition (Searches)
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds

PLEA AGREEMENT
CR      4

for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to have any contact with any victims or witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses. I agree that the Court may also include this no-contact provision as a condition of my supervised release term. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea.

12. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

13. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Information.

15. The government agrees to recommend a sentence within the range associated with the Guideline calculations set out in paragraph 7 above, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

16. I agree that my participation in the District Court's Conviction Alternative Program is not appropriate and that I will not request to be considered for and will not participate in that program as a result of my convictions for these offenses.

17. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

18. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

19. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: _____

_____
JAMES TONG
Defendant

_____
BRIAN J. STRETCH
United States Attorney

Dated: _____

_____
S. WAQAR HASIB
Assistant United States Attorney

22. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my

///
///
///
///

PLEA AGREEMENT
CR                                            6

client's decision to plead guilty is knowing and voluntary.

Dated: _____

                                                                                   STEVEN GRUEL, ESQ.
                                                                                    Attorney for Defendant

*DRAFT*